Patrick F. D'AMICO, Appellant,

v.

Anthony J. PRINCIPI, Secretary of
Veterans Affairs, Appellee.

No. 97–786.

United States Court of Appeals
for Veterans Claims.

April 16, 2001.

Before HOLDAWAY, IVERS, and
GREENE, Judges.

ORDER

PER CURIAM:

On April 7, 2000, the U.S. Court of
Appeals for the Federal Circuit (Federal
Circuit) vacated this Court's March 23,
1999, opinion, which affirmed the Board of
Veterans' Appeals' (Board) February 27,
1997, decision that determined that Mr.
D'Amico had not submitted new and mate-
rial evidence to reopen a previously disal-
lowed claim for VA benefits, and remanded
the case. *See* 209 F.3d at 1327–28. In its
decision, the Federal Circuit noted that on
remand the following questions would be
before this Court:

> [W]hether it was proper for the Board
> to apply the new and material standard
> of section 5108 to [the appellant]'s 1992
> application for service-connected disabil-
> ity benefits when the claim that was
> denied in 1979 sought only loan guaran-
> tee benefits; whether the 1979 decision
> ever became final; whether [the appel-
> lant] is entitled to some medical benefits
> under the 1979 decision; whether the
> Agency failed to comply with its duty to
> assist [the appellant] when it processed
> his claim for loan guarantee benefits;
> and whether the Agency failed to com-
> ply with its duty to assist [the appellant]
> when it processed his claim for disability
> benefits.

*D'Amico v. West,* 209 F.3d 1322, 1327 n. 4
(2000). On remand, this Court instructed
the parties to submit additional briefing
addressing the issues presented by the
Federal Circuit, and how those questions
presented by the Federal Circuit affected
the claims on appeal. The appellant re-
sponded, arguing that a remand to the
Board was required in order to determine
whether or not a claim was ever filed in
1977 or 1978, and if so, whether that claim
was final if he never received notice of the
1979 administrative hearing. Whether or
not the appellant actually applied for bene-
fits at that time is uncertain from the
record. While there is an administrative
decision which references both a request
from a VA hospital for verification of ser-
vice and character of discharge, and a
request from a VA loan guarantee depart-
ment as to the appellant's eligibility, there
is no evidence that the appellant actually
applied for either of these benefits. This
question is critical to the resolution of the
appellant's claim and to a resolution of the
questions asked by the Federal Circuit, for
if there was no previous claim filed, the
Board could not have made a determina-
tion under the new and material standard
of 38 U.S.C. § 5108. That standard of
review presupposes a claim which is final.
Whether a claim was filed and finally de-
cided requires a factual determination
which this Court is barred from making.
*See Hensley v. West,* 212 F.3d 1255 (Fed.
Cir.2000). For this Court to infer that the
appellant had in fact made such applica-
tions, without any evidence clearly demon-
strating such, is impermissible. *Id.* Clear-
ly a remand is appropriate under these
circumstances.

In addition, the Secretary correctly ar-
gues that a remand is also required under
the recently enacted Veterans Claims As-
sistance Act of 2000, Pub.L. No. 106–475,
114 Stat.2096 (Nov. 9, 2000) (VCAA). The
VCAA revised and amended 38 U.S.C.
§ 5107 to eliminate the requirement that a
claimant present a "well-grounded" claim,
changed the definition of who constituted a
"claimant," and amended § 5103 and add-
ed § 5103A to reaffirm and further ex-

pound upon the Secretary's duties to inform and assist a claimant. These VCAA amendments are retroactive and "potentially applicable to claims pending on the date of the VCAA's enactment." *Holliday v. Principi,* 14 Vet.App. 280, 286 (2001). On March 2, 2001, the Secretary finally submitted a response to this Court's June 28, 2000, briefing order, conceding that a remand was required under the VCAA and this Court's holding in *Karnas v. Derwinski,* 1 Vet.App. 308 (1991) (holding that where a statute or regulation changes during the appellate process, the version more favorable to the claim shall apply unless Congress provides otherwise or authorizes the Secretary to do so and he does so). Therefore, in view of the fact that both parties' position is that a remand for readjudication is necessary, albeit for different reasons, the Court will grant remand.

On remand, the appellant is free to submit additional evidence and argument necessary to the resolution of his claim. *See Kutscherousky v. West,* 12 Vet.App. 369 (1999) (per curiam order). The Board shall proceed expeditiously. *See* Veterans' Benefits Improvement Act, Pub.L. No. 103–446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring the Secretary to provide for "expeditious treatment" of claims remanded by the Board or Court); *Drosky v. Brown,* 10 Vet.App. 251 (1997). If the circumstances warrant, the Board is authorized and obligated to remand the claim to the VA regional office for further development. *See* 38 C.F.R. § 19.9(a) (2000) *Littke v. Derwinski,* 1 Vet.App. 90, (1990).

Upon consideration of the foregoing, it is

ORDERED that the Board's February 27, 1997, decision is VACATED, and the matter REMANDED to the Board for readjudication.